Plantiff Michelle Marski's Group Ex. 4
Defendants' Responses to Plaintiff's Requests for Production

Ex. 4(a) – PreCC, Inc's Amended Responses to Plaintiff's Requests for Production

Ex. 4(b) – Courier Express One, Inc.'s Amended Responses to Plaintiff's Requests for Production

Ex. 4(c) – Anthony Urso's Amended Responses to Plaintiff's Requests for Production

Ex. 4(d) – Premier CC LLC's Responses to Plaintiff's Requests for Production

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE MARSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-04132** |
| | ) | |
| | ) | |
| **COURIER EXPRESS ONE, INC.,** | ) | |
| **PRECC, INC., PREMIER CC LLC, A** | ) | **Hon. Judge John Robert Blakey** |
| **QUALTEK COMPANY, VERTEK, LLC,** | ) | |
| **DISPATCH EXPRESS INC. and ANTHONY** | ) | |
| **URSO.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**PRECC, INC.'S AMENDED RESPONSES**</u>
<u>**TO PLAINTIFF'S DOCUMENT REQUESTS**</u>

TO:    Vucko Law LLP
       2208 Midwest Rd., Suite 104
       Oak Brook, IL 60523
       (312) 522-2517
       svucko@vuckolaw.com

Defendant, PreCC, Inc., in response to Plaintiff's Requests for Production states as follows:

<u>**GENERAL OBJECTIONS**</u>

1. Defendant objects to all requests outside the scope of discovery rules set forth in the Federal Code of Procedure, applicable rules, or Court Order.

2. Defendant objects to the extent any request for production of documents seeks information that is protected from discovery as work product, or by the attorney-client or other privilege.

3. All of Defendant's responses are subject to these General Objections without waiving them. Each of the foregoing objections and limitations is incorporated into each of the following responses, regardless if it is repeated below.

<u>**DOCUMENT REQUESTS**</u>

**Request No. 1:** All documents relating to the facts and allegations in the Complaint.

Ex. 4(a) to Pltff's Motion to Compel
PreCC, Inc.'s Amended Responses to Production
Requests

**RESPONSE: Objection. Request No. 1 is overbroad and is not proportional to or narrowly tailored to the needs of this case. Notwithstanding and without waiving these or the general objections, see non-privileged documents produced by the parties through initial disclosures in addition to any additional documents produced herein.**

**Request No. 2:** All documents relating to the admissions and denials in Defendant's Answer and all documents relating to Defendant's Affirmative Defenses.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 3:** All documents and communications that refer or relate to Plaintiff's employment with Defendant, including, without limitation, Plaintiff's complete personnel file, all job descriptions for positions held by Plaintiff or to which Plaintiff applied, Plaintiff's W2s, payroll records, desk files, schedules, time sheets, sign-in sheets, time slips or time cards, attendance records, health insurance plans, medical documents, vision insurance plans, dental insurance plans, retirement benefits or programs, complaints made to Defendant concerning Plaintiff or made by Plaintiff, disciplinary records or warnings, records regarding Plaintiff's termination and any investigation regarding her termination or disciplinary warnings, documents relating to any performance reviews, perks and benefits, incentives, evaluations, raises, promotions, job positions, requests for time off, absences, responsibilities and bonuses awarded, and documents identifying Plaintiff's supervisors and managers.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**AMENDED RESPONSE: The responsive documents located were previously produced.**

**Request No. 4:** All documents and communications that refer or relate to any of the Transition Services, including without limitation, electronically stored information ("ESI"), all emails and notes.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 5:** All documents and communications that refer or relate to Plaintiff.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 6:** All documents on which you intend to rely in defense of Plaintiff's claim.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 7:** All documents identified, referenced, consulted, or referred to in your answers to Plaintiff's interrogatories.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 8:** All witness statements or interview notes taken regarding any of the facts or allegations in the Complaint or regarding the admissions or denials in Defendant's Answer to the Complaint or Defendant's Affirmative Defenses.

**RESPONSE: Objection. Request No. 8 seeks information protected by attorney-client privilege, attorney work product, and/or the joint defense privilege. Notwithstanding and without waiving these or the general objections, no such interviews were conducted.**

**Request No. 9:** All documents that refer or relate to any expert witness whom Defendant intends to call or anticipates calling in this action, including, without limitation, all expert reports, curriculum vitae or other documents related to the expert's qualifications, engagement letters or fee agreements, notes, communications and all documents given to the expert to review.

**RESPONSE: Without waiving the general objections, none at this time.**

**Request No. 10:** All documents that relate to any agreement to defend and/or indemnify any defendant in the Action.

**RESPONSE: The requested documents were part of initial disclosures.**

**Request No. 11:** All documents that relate in any way to any civil or criminal actions, lawsuits, administrative proceedings, bankruptcy filings, or investigations of any kind, including the disposition thereof, filed by or against you or in which you were involved in any capacity, including without limitation, all petitions, complaints, charges, depositions, statements under oath, settlement agreements, orders, or other records from June 20, 2009 to the present.

**RESPONSE: Objection. Request No. 11 is overly broad and not proportional to or narrowly tailored to the needs of this case inasmuch as the request is not limited to matters involving the types of claims alleged by Plaintiff. Notwithstanding and without waiving these or the general objections, no other similar claims were made during the relevant period.**

**Request No. 12:** All documents which identify any ownership interests of persons and/or entities whom possessed an ownership interest in Defendant at any time during the relevant time period.

**RESPONSE: Objection. Request No. 12 seeks information that is immaterial to Plaintiff's claims and appears to be an improper fishing expedition.**

**Request No. 13:** All documents which you intend to use as exhibits at trial.

**RESPONSE: Objection. Request No. 13 is premature. Defendant will identify its trial exhibits in accordance with court order. Notwithstanding and without waiving this or the general objections, see Defendant's objections and response to Request No. 1.**

**Request No. 14:** All documents that relate to formal or informal charges or complaints of wage & hour law violations and/or discrimination on the basis of age, gender, and/or disability, made by any of Defendant's employees, at any time, during the relevant time period, including, without limitation, equal employment opportunity charges or complaints, investigative notes, correspondence, position statements, questionnaire responses, investigative findings or agency

decisions, judicial complaints, and any pleadings, judgments, settlement agreements, and other documents related to any court action filed.

**RESPONSE: See, Defendant's objections and response to Request No. 11.**

**Request No. 15:** All documents relating to Defendant's organizational structure during the relevant time period, including, but not limited to, organizational charts and job descriptions of each individual currently or previously employed in the same department or company division as Plaintiff.

**RESPONSE: See, Defendant's objections and response to Request No. 1. Investigation continues for possible supplements of non-privileged documents pertaining to employees similarly-situated to Plaintiff.**

**Request No. 16:** All documents reflecting the number of persons which Defendant employed during the relevant time period, including all part-time and full-time employees, and the locations at which they were employed.

**RESPONSE: Objection. Request No. 16 seeks information that is immaterial to Plaintiff's claim and appears to be an improper fishing expedition.**

**AMENDED RESPONSE: As discussed during the meet-and-confer, a sample payroll journal is provided (identified as PreCC 00071 – 00074) to confirm the approximate number of Defendant's Illinois corporate employees.**

**Request No. 17:** Copies of Defendants' policies, employee handbooks, human resource manuals, and documents relating thereto, including any amendments and modifications thereto, including, but not limited to, those pertaining to: (a) discrimination and harassment; (b) requests for medical leave, personal leave, vacation days, family leave policies or other policies relating to personal, sick or vacation days; (c) performance evaluations, performance reviews and/or performance improvement plans; (d) disciplinary or termination policies; (e) policies regarding perks and

benefits of employment, including regarding Defendant's tuition-remission program (if any); (f) policies relating to overtime; and (g) policies relating to employee privacy.

**RESPONSE: Without waiving the general objections, see PremierCC 000212 – 000277.**

**Request No. 18:** All documents relating to the vacation days, personal days and sick days to which Plaintiff was entitled and documents relating to vacation, personal or sick days for which Plaintiff received pay during the relevant time period.

**RESPONSE: Objection. Request No. 18 seeks information that is immaterial to Plaintiff's claims inasmuch as Plaintiff does not have a claim related to vacation pay against this Defendant.**

**AMENDED RESPONSE: As communicated during the meet-and-confer process, responsive documents located were previously disclosed in the MIDP.**

**Request No. 19:** All time records and documents, including all timesheets, relating to Plaintiff's hours worked during the relevant time period, including any overtime hours.

**RESPONSE: See, Defendant's objections and response to Request No. 1. Investigation continues for possible supplements of non-privileged documents pertaining to Plaintiff's time worked.**

**AMENDED RESPONSE: The responsive documents located were previously produced.**

**Request No. 20:** Copies of all insurance policies and all documents relating to all insurance policies which may be applicable to plaintiff's claims.

**RESPONSE: Without waiving the general objections, the applicable insurance policy was previously produced (PreCC 00001 – 00070).**

**Request No. 21:** Documents relating to all employees who were disciplined or whose employment was terminated during the relevant time period, including those individual's complete personnel files and any documents relating to these individuals' employment, rate of pay, hiring, termination,

if applicable, job performance, job description or complaints of discrimination or harassment by

or about these individuals.

**RESPONSE: Objection. Request No. 21 is overly broad and not proportional to or narrowly tailored to the needs of this case inasmuch as the request is not limited to matters involving the types of claims alleged by Plaintiff. Notwithstanding and without waiving these or the general objections, no other similar claims were made during the relevant period.**

**Request No. 22:** All timesheets, change of status forms and offer letters for Gina Ruffolo, Gianna

Ruffolo, Roger McKelvey, Betty Urso, Dominic Urso, Frank Urso, Frank Urso Jr., and Frank Urso

Sr.

**RESPONSE: Objection. Request No. 22 is overly broad and not proportional to or narrowly tailored to the needs of this case inasmuch as the request is not limited to matters involving the types of claims alleged by Plaintiff. Notwithstanding and without waiving these or the general objections, no other similar claims were made during the relevant period.**

**AMENDED RESPONSE: During the meet-and-confer, we agreed to identify job titles and search for possible job descriptions for certain individuals. Job descriptions were not located, but the job titles for those associated with PreCC, Inc. are as follows: Roger McKelvey, CFO; Marlin Alvarez, Recruiter; Frank Urso, Jr., Recruiter/Administration; Frank Urso, Sr., VP, Assts.; Betty Urso, Administration (part-time); Gina Ruffolo, Recruiter; and Gianna Ruffolo, Accounting and Executive Administrative Assistant.**

**Request No. 23:** All offer letters and change of status forms for Defendant's managers, including

without limitation Dave Pawlikowski, Wilfredo Morales, Alejandro Cardona, Elliot Turner,

Robert Miller, Santana Patterson, Rayford Dexter-El, Jessica [last name unknown], Nathan Slater,

Daniel Jones, John Warrener and Wardell Kelly.

**RESPONSE: Objection. Request No. 23 is overly broad and not proportional to or narrowly tailored to the needs of this case inasmuch as the request is not limited to matters involving the types of claims alleged by Plaintiff. Notwithstanding and without waiving these or the general objections, no other similar claims were made during the relevant period.**

**Request No. 24:** All payroll journals for Defendant.

**RESPONSE: Objection. Request No. 24 is overly broad and not proportional to or narrowly tailored to the needs of this case inasmuch as the request is not limited to matters involving the types of claims alleged by Plaintiff. Notwithstanding and without waiving these or the general objections, no other similar claims were made during the relevant period.**

**AMENDED RESPONSE: During the meet-and-confer it was requested to review whether payroll documents identified the person submitting the payroll. Although it does not seem it is disputed that Plaintiff completed the payroll, Defendant agreed to conduct the requested review. The payroll documents do not state who submitted the payroll; however, Plaintiff and Anthony Urso were the only ones authorized to complete payroll. Answering further, text messages produced by Plaintiff (Marski 000389 – 000435) confirm her submission of payrolls.**

**Request No. 25**: Defendants' corporate meetings' minutes, business registrations and licenses, and filings.

**RESPONSE: Objection. Request No. 25 seeks information that is immaterial and not proportional to or narrowly tailored to the needs of this case. Notwithstanding and without waiving these or the general objections, no responsive documents were located.**

**Request No. 26**: All documents and communications regarding any request by Plaintiff for leave pursuant to the Family Medical Leave Act.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive email communications. It appears Plaintiff has already produced potentially responsive text messages (Marski 000389 – 000435). If additional responsive text messages are located – not previously produced by Plaintiff – Defendant will further supplement.**

**Request No. 27**: All documents and communications regarding Plaintiff's health in any way, including without limitation, any documents or communications referencing any medical issue of Plaintiff, requests for personal time, requests for sick leave, or concerning any doctor's appointments for Plaintiff.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 28**: Any and all records relating to any audit of Defendant by the Department of Labor.

**RESPONSE: Objection. Request No. 28 is overly broad and not proportional to or narrowly tailored to the needs of this case inasmuch as the request is not limited to matters involving the types of claims alleged by Plaintiff. Notwithstanding and without waiving these or the general objections, there were no Department of Labor audits related to alleged misclassification of exempt employees during the relevant period.**

**Request No. 29**: Any and all documents submitted for Defendant to the U.S. Equal Employment Opportunity Commission in connection with the EEOC Charge of Discrimination referenced in Paragraph 67 of the Complaint (the "EEOC Charge").

**RESPONSE: See, Defendant's objections and response to Request No. 1. Answering further, as a party, Plaintiff has access to the EEOC file documents.**

**Request No. 30**: All documents showing that the EEOC Charge was served upon Defendant and that Defendant had notice of the same.

**RESPONSE: See, Defendant's objections and response to Request No. 1. Answering further, as a party, Plaintiff has access to the EEOC file documents.**

**Request No. 31**: Any and all documents identified in Defendant's Mandatory Initial Discovery Response ("MIDP") or any supplemental MIDP responses served in this case.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**AMENDED RESPONSE: Defendant will continue to supplement responsive documents should it identify any in the course of discovery.**

**Request No. 32**: Any and all documents identified in, or relied upon in connection with, Defendant's Answers to Plaintiff's Requests for Admissions served in this case.

**RESPONSE: Objection. Defendant is not aware of Plaintiff serving it within any Requests for Admissions in this matter.**

**Request No. 33**: Any and all documents or tangible materials of any nature whatsoever which Defendant plans to have marked for identification at a deposition or trial, or about which Defendant plans to question any witness at deposition or trial.

**RESPONSE: See, Defendant's objections and response to Request No. 13.**

**Request No. 34**: Any and all documents sent to or from NX Utilities, LLC.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive email communications. It appears Plaintiff has already produced potentially responsive text messages (Marski 000389 – 000435). If additional responsive text messages are located – not previously produced by Plaintiff – Defendant will further supplement.**

**Request No. 35**: Any and all documents reflecting safeguards employed to correctly monitor and track working time of individuals while performing Transition Services.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**AMENDED RESPONSE: As communicated during the meet-and-confer process, the Transition Services Agreement is the responsive document.**

**Request No. 36**: Any and all documents resultant from the Transition Services.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 37**: All documents showing a corporate affiliation between Defendant and any other defendant in this Civil Action.

**RESPONSE: Objection. Request No. 37 is vague and appears to call for a legal conclusion. Notwithstanding and without waiving this or the general objections, Defendants are separate entities.**

**Request No. 38**: All employment applications, resumes, agreements and any other documentation

submitted to Defendant by each individual performing Transition Services.

**RESPONSE: Objection. Request No. 38 seeks information that is immaterial to this matter and is not proportional to or narrowly tailored to the needs of this case. Notwithstanding and without waiving these or the general objections, relevant information regarding Transition Services was provided in initial disclosures by the parties.**

**Request No. 39**: All documents and communications from Plaintiff to Anthony Urso.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive email communications. It appears Plaintiff has already produced potentially responsive text messages (Marski 000389 – 000435). If additional responsive text messages are located – not previously produced by Plaintiff – Defendant will further supplement.**

**Request No. 40**: All documents and communications from Anthony Urso to Plaintiff.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive email communications. It appears Plaintiff has already produced potentially responsive text messages (Marski 000389 – 000435). If additional responsive text messages are located – not previously produced by Plaintiff – Defendant will further supplement.**

**Request No. 41**: All non-privileged documents relating to or referencing this Action, the Charge,

Plaintiff's claim for unemployment benefits, and/or Plaintiff's COBRA benefits.

**RESPONSE: See, Defendant's objections and response to Request No. 1.**

**Request No. 42**: Any and all documents and correspondence containing the name and/or contact information of any and all individuals contacted by Defendant or Defendant's representative, including without limitation Defendant's counsel, as potential or actual witnesses in this Action, or individuals Defendant or its representative attempted to contact as a potential or actual witness.

**RESPONSE: See, Defendant's objections and response to Request No. 8.**

**Request No. 43**: Any joint defense agreement pertaining to this Action.

**RESPONSE: Without waiving the general objections, Defendant will produce non-privileged responsive documents to the extent not produced by other parties.**

**Request No. 44**: All agreements between Defendant and any other defendant to this Action, including any amendments, addenda, or other modification thereto.

**RESPONSE: See, Defendant's objections and response to Request No. 43.**

**Request No. 45**: For Roger McKelvey: all personnel files, time records, job descriptions, and pay records, including records relating to bonuses and promotions, and other compensation.

**RESPONSE: Objection. Request No. 45 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**Request No. 46**: All agreements between Defendant and NX Utilities, including any amendments, addenda, or other modification thereto.

**RESPONSE: Objection. Request No. 46 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case. Notwithstanding and without waiving these or the general objections, relevant documents related to certain agreements were previously produced by other parties.**

**Request No. 47**: All communications between Gina Ruffolo and Dion Ciancio regarding Plaintiff.

**RESPONSE: Objection. Request No. 47 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive documents.**

**Request No. 48**: All documents relating to any name change of Defendant, and all documents relating to any assumed name(s) of Defendant.

**RESPONSE: See, Defendant's objections and answers to Plaintiff's Interrogatory No. 11.**

**AMENDED RESPONSE: As communicated during the meet-and-confer, this information is available on the Illinois Secretary of State website at:** https://www.cyberdriveillinois.com/departments/business_services/corp.html

**Request No. 49**: Pay records for all employees of Defendant sufficient to show each and every implementation of all pay raises provided to employees of Defendant within the past five (5) years.

**RESPONSE: Objection. Request No. 49 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**Request No. 50:** All communications between Jon Danielson and Anthony Urso

**RESPONSE: Objection. Request No. 50 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**Request No. 51:** All communications between any person employed by Premier CC LLC or NX Utilities and Plaintiff

**RESPONSE: Objection. Request No. 51 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive email communications.**

**Request No. 52:** All communications between Premier CC, LLC or NX Utilities employees and Defendant's employees, including Urso, relating to Marski or her work performed for NX Utilities/ Premier CC LLC as part of the Transition Services.

**RESPONSE: Objection. Request No. 52 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive email communications.**

**Request No. 53:** All communications between Jon Danielson and Plaintiff.

**RESPONSE: Objection. Request No. 53 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**AMENDED RESPONSE: Defendant does not have the necessary access or control to search for possible responsive email communications.**

**Request No. 54:** All communications between Anthony Urso and Ronald Clarke relating to Plaintiff.

**RESPONSE: Objection. Request No. 54 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case.**

**AMENDED RESPONSE: Defendant did not locate any responsive documents within the relevant period.**

**Request No. 55:** All documents or communications reflecting any allocation of Plaintiff's salary or the compensation paid to Plaintiff by you to Defendant Vertek's books.

**RESPONSE: Objection. Request No. 55 is overbroad, seeks information that is immaterial to Plaintiff's claims and is not proportional to or narrowly tailored to the needs of this case. Notwithstanding and without waiving these or the general objections, Defendant will produce responsive non-privileged documents, if any, to show relevant accounting entries.**

**AMENDED RESPONSE: During the meet-and-confer Plaintiff requested a copy of the accounting entry related to Plaintiff. The relevant entry is identified as PreCC 00075.**

Dated: February 21, 2020                                        Respectfully submitted,

                                                                 /s/ Jon D. Hoag_____
                                                                Jon D. Hoag
                                                                Attorney for PreCC, Inc.

Jon D. Hoag (6289752)
Law Offices of Loretta M. Griffin
20 North Clark Street, Suite 2725
Chicago, Illinois   60602
Phone:      (312) 267-8644
Facsimile:  (508) 926-2693
jhoag@hanover.com
**ATTORNEYS FOR PRECC, INC.**

## CERTIFICATE OF SERVICE

A copy of PreCC, Inc.'s Amended Answers to Plaintiff's Interrogatories and Responses to Plaintiff's Document Requests were served via e-mail this 21st day of 2020 upon the following:

Stacey Blaire Vucko
svucko@vuckolaw.com

Barry Freeman
bfreeman@bdblaw.com

Jonathan David Christman
jchristman@foxrothschild.com

                                                                 /s/ Jon D. Hoag
                                                                Jon D. Hoag

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE MARSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-04132** |
| | ) | |
| | ) | |
| **COURIER EXPRESS ONE, INC.,** | ) | |
| **PRECC, INC., PREMIER CC LLC, A** | ) | **Hon. Judge John Robert Blakey** |
| **QUALTEK COMPANY, VERTEK, LLC,** | ) | |
| **DISPATCH EXPRESS INC. and ANTHONY** | ) | |
| **URSO.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>DEFENDANT COURIER EXPRESS ONE'S RESPONSES TO REQUESTS FOR
PRODUCTION</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Courier

Express One, Inc. hereby responds to Plaintiff's Requests for Production as follows:

**DEFINITIONS AND INSTRUCTIONS**

1.      These definitions and instructions are intended to strictly govern Defendant's responses

to these production requests. In answering particular requests to produce, Defendant must heed

the definitions of defined terms.

2.      The term "you," "your", "Courier" or "Defendant" means Courier Express One, Inc. and

its past and present directors, officers, agents, shareholders, employees, representatives,

subsidiaries, affiliates, merged, consolidated or acquired predecessors, divisions, holding or

parent companies and attorneys.

3.      All requests to produce shall be construed to include any supplemental documents which

are later discovered by you or otherwise come into your possession or control.

Ex. 4(b) to Plaintiff's Motion to Compel
Defendant Courier Express One, Inc's Response to
Requests for Production

4.      If the information sought in any request to produce is secured through sources under the control of Defendant, identify:

a.      The full name of the source;

b.      The source's present home and work address; and

c.      The title of the employment position held by the source.

5.      The term "relating to" means concerning, discussing, describing, analyzing, involving, pertaining to, referring to, regarding, touching upon or being in any way logically connected with the subject matter of the request in whole or in part.

6.      In construing any request, the singular form of a word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of the request any information or documents that might otherwise be construed to be outside its scope. The functional words "each," "every," "any" or "all" shall be deemed to include all of the other functional words as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside the scope of these requests.

7.      The terms "and" and "or" shall be interpreted in every instance as meaning "and/or" and shall in neither instance be interpreted disjunctively to exclude any information otherwise within the scope of any description or request made in these requests.

8.      "Identify," "identity," or "identification" when used in reference to a natural person means to state his/her full name and present or last known address, his/her present or last known position and business affiliation, and each of his/her positions in the applicable time period; when used in reference to a document or communication, it means to state its date, its subject matter and substance, its author, the type of document (e.g., letter, memorandum, telegrams,

charges, computer input or printout, etc.) or, if the above information is not available, some other means of identifying it, its present location and the means of each of its present custodians.

9.      The term "document" is to be interpreted in the broadest sense of the term and includes, but is not limited to, agreements, audio recordings whether transcribed or not, voicemails, bills, blanks, books, books of account, cablegrams, certificates, charts, checks, communications, compilations, copies, computer cards, computer print-outs, computer programs, computer readouts, computer tapes, contracts, correspondence, correspondence files, data compilations from which information can be obtained or translated through detection devices, depositions, diaries, drafts, drafts of documents, drawings, electronic mail, endorsements, entries, executed copies, faxes, filed notes, films, forms graphs, handbooks, indices, instruments, intra-office and interoffice communications, invoices, itemizations, journals, ledgers, letters, licenses, logs, manuals, medical records, meeting reports, memoranda, memoranda of all conversations including telephone calls, marked-up papers, messages, minutes, minute books, notes, notebooks, opinions, pamphlets, papers, periodicals, photographs, plans, press records, publications, records, records of purchase or sale, releases, reports, studies, summaries, system analyses, tapes, telegrams, telecopies, telephone records, texts, time records, training manuals, training material, transcripts, valuations, video recordings, working papers, or writings, and all non-identical copies thereof which are in the possession, custody or control of Defendant.

10.     The term "communication" shall mean any transmission of words or thoughts between or among two or more persons and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as the telephone or facsimile, and documents as defined above.

11.     If an answer to a request or any portion of a request is incomplete due to an incomplete investigation, or for another reason, the request should be answered as completely as possible based upon the available information and the following must be answered:

a.      The nature and extent of the investigation completed to date;

b.      The nature and extent of the investigation that is intended in order to complete the answer to the request; and

c.      The time when the investigation is expected to be completed so that the request can be answered in full.

12.     To the extent any of the following requests to produce call for information which is not disclosed based on a claim of privilege or attorney's work product, identify:

a.      The name of the author of the document and the author's employer;

b.      The name of each recipient of the document (including all persons to whom a copy was sent) and each recipient's employer;

c.      The date on which the document was first created and the date that the document bears, if different;

d.      The basis of the claim of privilege or attorney's work product regarding the document;

e.      The subject matter of each document; and

f.      The statute, rule or decision which is claimed to give rise to the privilege;

13.     "Transition Services" shall have the same meaning as defined in the "Transition Services Agreement" dated July 18, 2018 by and between Premier CC, Inc. and NX Utilities, LLC;

14.     The relevant time period for these Requests to Produce is from May 1, 2015 to the present unless otherwise indicated;

15.     "Complaint" refers to the Amended Complaint filed in this Action on or about June 20, 2019,  *See* D. E. 2, and any amendments thereto; and

16.     "Action" refers to the above-captioned matter, which is pending in the United States District Court for the Northern District of Illinois and docketed at Civil Action No. 19-4132.

## **GENERAL OBJECTIONS**

1.      Defendant is not required to provide (and will not provide) privileged documents (attorney-client communications, attorney work product and/or documents prepared in anticipation of litigation.)  If Plaintiff demands a privilege log for documents created before February 6, 2019, one will be provided – but only if Plaintiff does the same.

2.      Defendant is not required to provide and will not provide responses beyond what is required by the Federal Rules of Civil Procedure – including to the extent these discovery requests demand identification of documents and, in lieu, Defendant agrees to produce the documents per FRCP 33(c).

3.      Defendant will only provide responses available upon reasonable efforts proportionate to the needs of the case.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:** All documents relating to the facts and allegations in the Complaint.

**RESPONSE:   Objection.**   This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege.  No privileged documents will be produced.   Further objecting, Defendant could spend every day, every hour, for the next year searching for requested documents. Such a search would be overly burdensome and not proportional to the needs of the case. Defendant will produce all non-privileged requested documents that can be located with reasonable efforts, on a rolling basis by Bates-range and categorical description.  Defendant also relies on documents already produced in the case.

**Request No. 2:** All documents relating to the admissions and denials in Defendant's Answer and all documents relating to Defendant's Affirmative Defenses.

**RESPONSE:** *See objections and response to request no. 1.*

**Request No. 3:** All documents and communications that refer or relate to Plaintiff, including documents relating to Plaintiff's relationship with Defendant, including, without limitation, Plaintiff's complete personnel file, all job descriptions for positions held by Plaintiff or to which Plaintiff applied, Plaintiff's W2s, payroll records, desk files, schedules, time sheets, sign-in sheets, time slips or time cards, attendance records, health insurance plans, medical documents, vision insurance plans, dental insurance plans, retirement benefits or programs, complaints made to Defendant concerning Plaintiff or made by Plaintiff, disciplinary records or warnings, records regarding Plaintiff's termination and any investigation regarding her termination or disciplinary warnings, documents relating to any performance reviews, perks and benefits, incentives, evaluations, raises, promotions, job positions, requests for time off, absences, responsibilities and bonuses awarded, and documents identifying Plaintiff's supervisors and managers.

**RESPONSE:** *See objections and response to request no. 1.*

**Request No. 4:** All documents and communications that refer or relate to any of the Transition Services, including without limitation, electronically stored information ("ESI"), all emails and notes.

**RESPONSE: Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. There are no non-privileged documents for this Defendant.

**Request No. 5:** All documents and communications that refer or relate to Plaintiff.

**RESPONSE:** *See objections and response to request no. 1.*

**Request No. 6:** All documents on which you intend to rely in defense of Plaintiff's claim.

**RESPONSE:** The requested documents have already been produced or will be produced, on a rolling basis by Bates-range and categorical description.

**Request No. 7:** All documents identified, referenced, consulted, or referred to in your answers to

Plaintiff's interrogatories.

**RESPONSE:** *See objections and response to request no. 1.*

**Request No. 8:** All witness statements or interview notes taken regarding any of the facts or

allegations in the Complaint or regarding the admissions or denials in Defendant's Answer to the

Complaint or Defendant's Affirmative Defenses.

**RESPONSE:** **Objection.** The only responsive documents – post-February 6, 2019 communications with Mr. Urso – are protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. They will not be produced.

**Request No. 9:** All documents that refer or relate to any expert witness whom Defendant intends

to call or anticipates calling in this action, including, without limitation, all expert reports,

curriculum vitae or other documents related to the expert's qualifications, engagement letters or

fee agreements, notes, communications and all documents given to the expert to review.

**RESPONSE:** None.

**Request No. 10:** All documents that relate to any agreement to defend and/or indemnify any

defendant in the Action.

**RESPONSE:** The requested documents were already produced as part of Defendants' MIDP disclosures.

**Request No. 11:** All documents that relate in any way to any civil or criminal actions, lawsuits,

administrative proceedings, bankruptcy filings, or investigations of any kind, including the

disposition thereof, filed by or against you or in which you were involved in any capacity,

including without limitation, all petitions, complaints, charges, depositions, statements under oath, settlement agreements, orders, or other records from June 20, 2009 to the present.

**RESPONSE:** **Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern matters *except those alleging the type of claims alleged by Plaintiff (including limiting wage claims to those alleging misclassification as exempt).* Indeed, even Plaintiff has limited the relevant period to May 15, 2015 – present. Finally, as properly limited, non-privileged documents from the requested matters are public record and Plaintiff can obtain them herself. As appropriately limited, in addition to Plaintiff's actions against Courier, *see Christopher Crosby and Courier Express One, Inc.,* EEOC Charge No. 440-2019-07003 (Courier One000112 – Courier One000127), and *Johnny Bassett v. Courier Express One, Inc.,* EEOC Charge No. 563-2019-01166 (Courier One000001 – Courier One000008).

**Request No. 12:** All documents which identify any ownership interests of persons who and/or entities which possessed an ownership interest in Defendant at any time during the relevant time period.

**RESPONSE:** **Objection.** This request (a) seeks documents which are irrelevant and overbroad and because Mr. Urso's wife's passive ownership of Courier has no bearing on who the (even alleged) decision makers were and (b) has nothing to do with Plaintiff's claims and appears to be some kind of fishing expedition to assert additional claims. Accordingly, the requested documents will not be produced.

**Request No. 13:** All documents which you intend to use as exhibits at trial.

**RESPONSE:** *See response to request no. 6.*

**Request No. 14:** All documents that relate to formal or informal charges or complaints of wage & hour law violations and/or discrimination on the basis of age, gender, and/or disability, made by any of Defendant's employees, at any time, during the relevant time period, including, without limitation, equal employment opportunity charges or complaints, investigative notes, correspondence, position statements, questionnaire responses, investigative findings or agency

decisions, judicial complaints, and any pleadings, judgments, settlement agreements, and other documents related to any court action filed.

**RESPONSE:** **Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern matters except those alleging the type of claims alleged by Plaintiff (including limiting wage claims to those alleging misclassification as exempt). Indeed, even Plaintiff has limited the relevant period to May 15, 2015 – present. As properly limited, the only responsive documents are Christopher Crosby's and Johnny Bassett's charges.

**Request No. 15:** All documents relating to Defendant's organizational structure during the relevant time period, including, but not limited to, organizational charts and job descriptions of each individual currently or previously employed in the same department or company division as Plaintiff.

**RESPONSE:** **Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern individuals who were not similarly-situated to Plaintiff (for example, a COO or the owner's husband). Further objecting, Defendant could spend every day, every hour, for the next year searching for requested documents. Such a search would be overly burdensome and not proportional to the needs of the case. As properly limited, Defendant will produce all non-privileged requested documents that pertain to any similarly-situated employees that can be located with reasonable efforts, on a rolling basis by Bates-range and categorical description. Defendant also relies on documents already produced in the case.

**Request No. 16:** All documents reflecting the number of persons which Defendant employed during the relevant time period, including all part-time and full-time employees.

**RESPONSE:** **Objection.** This request (a) seeks documents which are irrelevant and overbroad and because there is no dispute Courier is an employer per Plaintiff's causes of action and (b) has nothing to do with Plaintiff's claims and appears to be some kind of fishing expedition to assert additional claims. Accordingly, the requested documents will not be produced.

**Request No. 17:** Copies of Defendants' policies, employee handbooks, human resource manuals, and documents relating thereto, including any amendments and modifications thereto, including,

but not limited to, those pertaining to: (a) discrimination and harassment; (b) requests for medical leave, personal leave, vacation days, family leave policies or other policies relating to personal, sick or vacation days; (c) performance evaluations, performance reviews and/or performance improvement plans; (d) disciplinary or termination policies; (e) policies regarding perks and benefits of employment,(f) policies relating to overtime; and (g) policies relating to employee privacy.

**RESPONSE:** Any documents that can be obtained and located with reasonable efforts proportional to the needs of the case will be produced on a rolling basis by Bates-range and categorical description. Defendant also relies on documents already produced in the case.

**Request No. 18:** All documents relating to the vacation days, personal days and sick days to which Plaintiff was entitled and documents relating to vacation, personal or sick days for which Plaintiff received pay during the relevant time period.

**RESPONSE:** *See response to request no. 17.*

**Request No. 19:** All time records and documents, including all timesheets, relating to Plaintiff's hours worked during the relevant time period, including any overtime hours.

**RESPONSE:** Any documents that can be obtained and located with reasonable efforts proportional to the needs of the case will be produced on a rolling basis by Bates-range and categorical description.

**Request No. 20:** Copies of all insurance policies and all documents relating to all insurance policies which may be applicable to plaintiff's claims.

**RESPONSE:** *See response to request no. 10.*

**Request No. 21:** Documents relating to all employees who were disciplined or whose employment was terminated during the relevant time period, including those individual's complete personnel files and any documents relating to these individuals' employment, rate of pay, hiring, termination,

if applicable, job performance, job description or complaints of discrimination or harassment by

or about these individuals.

**RESPONSE: Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern individuals who were not similarly-situated to Plaintiff. Further objecting, Defendant could spend every day, every hour, for the next year searching for requested documents. Such a search would be overly burdensome and not proportional to the needs of the case. As properly limited, Defendant will produce all non-privileged requested documents that pertain to any similarly-situated employees – those who claim to have been involuntarily terminated and raised the same types of claims as Plaintiff that can be located with reasonable efforts, on a rolling basis by Bates-range and categorical description.

**Request No. 22:** All timesheets, change of status forms, compensation records and offer letters

for Gina Ruffolo, Gianna Ruffolo, Roger McKelvey, Betty Urso, Dominic Urso, Frank Urso, Frank

Urso Jr., Richard Healy and Frank Urso Sr.

**RESPONSE: Objection.** This request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern individuals who were not similarly-situated to Plaintiff. Further objecting, Defendant could spend every day, every hour, for the next year searching for requested documents. Such a search would be overly burdensome and not proportional to the needs of the case. As properly limited, Defendant will produce all non-privileged requested documents that pertain to any similarly-situated employees – the only one being Gianna Ruffalo -- that can be located with reasonable efforts, on a rolling basis by Bates-range and categorical description.

**Request No. 23:** All offer letters, documents reflecting salary or compensation history and change

of status forms for Defendant's managers, including without limitation Dave Pawlikowski,

Wilfredo Morales, Alejandro Cardona, Elliot Turner, Robert Miller, Santana Patterson, Rayford

Dexter-El, Jessica [last name unknown], Nathan Slater, Daniel Jones, John Warrener and Wardell

Kelly and documents reflecting the foregoing individuals' rate of pay and job duties.

**RESPONSE:** *See objections and response to request no. 22.*

**Request No. 24**: All payroll journals for Defendant.

**RESPONSE:** *See objections and response to request no. 22.*

**Request No. 25**: Defendants' corporate meetings' minutes, business registrations and licenses, and filings.

**RESPONSE: Objection.** This request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern matters beyond Plaintiff's claims. Further objecting, Defendant could spend every day, every hour, for the next year searching for requested documents. Such a search would be overly burdensome and not proportional to the needs of the case. As properly limited, there are no responsive documents.

**Request No. 26**: All documents and communications regarding any request by Plaintiff for leave pursuant to the Family Medical Leave Act.

**RESPONSE: Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Any non-privileged documents that can be obtained and located with reasonable efforts proportional to the needs of the case will be produced on a rolling basis by Bates-range and categorical description.

**Request No. 27**: All documents and communications regarding Plaintiff's health in any way, including without limitation, any documents or communications referencing any medical issue of Plaintiff, requests for personal time, requests for sick leave, or concerning any doctor's appointments for Plaintiff.

**RESPONSE:** *See objections and response to request no. 26.*

**Request No. 28**: Any and all records relating to any audit of Defendant by the Department of Labor.

**RESPONSE: Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern matters except those alleging the type of claims alleged by Plaintiff (including limiting wage claims to those alleging misclassification as exempt). Indeed, even Plaintiff has limited the relevant period to May 15, 2015 – present. As properly limited, there are no responsive documents.

**Request No. 29**: Any and all documents submitted for Defendant to the U.S. Equal Employment Opportunity Commission in connection with the EEOC Charge of Discrimination referenced in Paragraph 67 of the Complaint (the "EEOC Charge").

**RESPONSE:** *See response to request no. 6.*

**Request No. 30**: All documents showing that the EEOC Charge was served upon Defendant and that Defendant had notice of the same.

**RESPONSE:** *See response to request no. 6.*

**Request No. 31**: Any and all documents identified in Defendant's Mandatory Initial Discovery Response ("MIDP") or any supplemental MIDP responses served in this case.

**RESPONSE:** *See response to request nos. 10, 6.*

**Request No. 32**: Any and all documents identified in, or relied upon in connection with, Defendant's Answers to Plaintiff's Requests for Admissions served in this case.

**RESPONSE:** None.

**Request No. 33**: Any and all documents or tangible materials of any nature whatsoever which Defendant plans to have marked for identification at a deposition or trial, or about which Defendant plans to question any witness at deposition or trial.

**RESPONSE:** *See response to request no. 6.*

**Request No. 34**: Any and all documents or communications sent to or from NX Utilities, LLC or Premier CC, LLC relating to Transition Services.

**RESPONSE:** None.

**Request No. 35**: Any and all documents reflecting safeguards employed to correctly monitor and track working time of individuals while performing Transition Services.

**RESPONSE:**  None.

**Request No. 36**: Any and all documents resultant from the Transition Services.

**RESPONSE:**  None.

**Request No. 37**: All documents showing a corporate affiliation between Defendant and any other defendant in this Civil Action.

**RESPONSE:**  None.

**Request No. 38**: All employment applications, resumes, agreements and any other documentation submitted to Defendant by each individual performing Transition Services.

**RESPONSE:**  None.

**Request No. 39**: All documents and communications from Plaintiff to Anthony Urso.

**RESPONSE:**  *See response to request no. 17.*

**Request No. 40**: All documents and communications from Anthony Urso to Plaintiff.

**RESPONSE:**  *See response to request no. 17.*

**Request No. 41**: All non-privileged documents relating to or referencing this Action, the Charge, Plaintiff's claim for unemployment benefits, and/or Plaintiff's COBRA benefits.

**RESPONSE:**  *See response to request no. 17.*

**Request No. 42**: Any and all documents and correspondence containing the name and/or contact information of any and all individuals contacted by Defendant or Defendant's representative,

including without limitation Defendant's counsel, as potential or actual witnesses in this Action, or individuals Defendant or its representative attempted to contact as a potential or actual witness.

**RESPONSE:  Objection.**  This request is incredibly vague and includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced – communications with Mr. Urso.  There are no other responsive documents.

**Request No. 43**: Any joint defense agreement pertaining to this Action.

**RESPONSE:**  The requested document(s) will be produced on a rolling basis by Bates-range and categorical description.

**Request No. 44**: All agreements between Defendant and any other defendant to this Action, including any amendments, addenda, or other modification thereto.

**RESPONSE:**  *See response to request no. 6.*

**Request No. 45**: For Roger McKelvey: all personnel files, time records, job descriptions, and pay records, including records relating to bonuses and promotions, and other compensation, including compensation relating to Transition Services.

**RESPONSE:**  None.

**Request No. 46:** All phone records and call logs for Gianna Ruffolo's personal cell phone for the date of February 5, 2019.

**RESPONSE:**  *See response to request no. 17.*

**Request No. 47**: Any and all communications between Premier CC, LLC employees or NX Utilities LLC employees and Defendant Urso relating to Plaintiff, Plaintiff's work performed for Premier CC, LLC or NX Utilities.

**RESPONSE:**  None.

**Request No. 48**: Any and all communications between Ronald Clark and Anthony Urso relating to Plaintiff, Plaintiff's employment, this Action or Plaintiff's application for short term disability benefits.

**RESPONSE:** *See objections and response to request no. 47.*

**Request No. 49**: Any and all communications relating to Plaintiff's termination, including emails to Defendant's employees stating Plaintiff was no longer employed with Defendant and an email from Frank Urso Sr to Defendant's managers regarding Plaintiff no longer being employed with Defendant.

**RESPONSE:** *See objections and response to request no. 1.*

**Request No. 50**: Any and all communications between Jon Danielson and Plaintiff.

**RESPONSE:** *See objections and response to request no. 47.*

**Request No. 51**: Any and all communications between any Premier CC LLC employee, including Stephanie Hallman, Vince Battaglia, Dave Conn and Adrian Mantini, and Plaintiff.

**RESPONSE:** None.

**Request No. 52**: All documents relating to any individuals who assumed Plaintiff's job responsibilities in whole or in part after February 5, 2019, including personnel files, job offer letters, job descriptions and documents identifying compensation/ salary.

**RESPONSE:** *See objections and response to request no. 22.*

Dated: December 6, 2019

Respectfully submitted,

By: /s/ *Nathaniel R. Sinn*_____
Barry Y. Freeman
Nathaniel R. Sinn (6284004)
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th St., Ste. 1700
Cleveland, Ohio 44114
Telephone: 216.736.4223
Fax: 216.615.2330
bfreeman@bdblaw.com
nsinn@bdblaw.com

*Attorneys for Courier Express One, Inc.,
Vertek, LLC, Dispatch Express, Inc., and
Anthony Urso*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Responses to Requests for Production* was served via email upon Jonathan D. Christman, counsel for Premier CC, LLC (via jchristman@foxrothschild.com); Jon D. Hoag, counsel for PreCC, Inc. (via jhoag@hanover.com); and Stacey Blaire Vucko (via svucko@vuckolaw.com), this 6th day of December 2019.

  /s/ *Nathaniel R. Sinn*_____
Nathaniel R. Sinn

**CL2:502535_v2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE MARSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-04132** |
| | ) | |
| | ) | |
| **COURIER EXPRESS ONE, INC.,** | ) | |
| **PRECC, INC., PREMIER CC LLC, A** | ) | **Hon. Judge John Robert Blakey** |
| **QUALTEK COMPANY, VERTEK, LLC,** | ) | |
| **DISPATCH EXPRESS INC. and ANTHONY** | ) | |
| **URSO.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT ANTHONY URSO'S AMENDED RESPONSES
TO REQUESTS FOR PRODUCTION**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Anthony

Urso hereby responds to Plaintiff's Requests for Production as follows:

**DEFINITIONS AND INSTRUCTIONS**

1.      These definitions and instructions are intended to strictly govern Defendant's responses

to these production requests. In answering particular requests to produce, Defendant must heed

the definitions of defined terms.

2.      The term "you," "your", or "Defendant" means Anthony Urso and his past and present

representatives and attorneys.

3.      All requests to produce shall be construed to include any supplemental documents which

are later discovered by you or otherwise come into your possession or control.

4.      If the information sought in any request to produce is secured through sources under the

control of Defendant, identify:

Ex. 4(c) to Plaintiff's Motion to Compel
Defendant Urso's Responses to Plaintiff's Requests for
Production

a.      The full name of the source;

b.      The source's present home and work address; and

c.      The title of the employment position held by the source.

5.      The term "relating to" means concerning, discussing, describing, analyzing, involving, pertaining to, referring to, regarding, touching upon or being in any way logically connected with the subject matter of the request in whole or in part.

6.      In construing any request, the singular form of a word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of the request any information or documents that might otherwise be construed to be outside its scope. The functional words "each," "every," "any" or "all" shall be deemed to include all of the other functional words as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside the scope of these requests.

7.      The terms "and" and "or" shall be interpreted in every instance as meaning "and/or" and shall in neither instance be interpreted disjunctively to exclude any information otherwise within the scope of any description or request made in these requests.

8.      "Identify," "identity," or "identification" when used in reference to a natural person means to state his/her full name and present or last known address, his/her present or last known position and business affiliation, and each of his/her positions in the applicable time period; when used in reference to a document or communication, it means to state its date, its subject matter and substance, its author, the type of document (e.g., letter, memorandum, telegrams, charges, computer input or printout, etc.) or, if the above information is not available, some other means of identifying it, its present location and the means of each of its present custodians.

9.      The term "document" is to be interpreted in the broadest sense of the term and includes, but is not limited to, agreements, audio recordings whether transcribed or not, voicemails, bills, blanks, books, books of account, cablegrams, certificates, charts, checks, communications, compilations, copies, computer cards, computer print-outs, computer programs, computer readouts, computer tapes, contracts, correspondence, correspondence files, data compilations from which information can be obtained or translated through detection devices, depositions, diaries, drafts, drafts of documents, drawings, electronic mail, endorsements, entries, executed copies, faxes, filed notes, films, forms graphs, handbooks, indices, instruments, intra-office and interoffice communications, invoices, itemizations, journals, ledgers, letters, licenses, logs, manuals, medical records, meeting reports, memoranda, memoranda of all conversations including telephone calls, marked-up papers, messages, minutes, minute books, notes, notebooks, opinions, pamphlets, papers, periodicals, photographs, plans, press records, publications, records, records of purchase or sale, releases, reports, studies, summaries, system analyses, tapes, telegrams, telecopies, telephone records, texts, time records, training manuals, training material, transcripts, valuations, video recordings, working papers, or writings, and all non-identical copies thereof which are in the possession, custody or control of Defendant.

10.     The term "communication" shall mean any transmission of words or thoughts between or among two or more persons and includes, but is not limited to, spoken words, conversations, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as the telephone or facsimile, and documents as defined above.

11.     If an answer to a request or any portion of a request is incomplete due to an incomplete investigation, or for another reason, the request should be answered as completely as possible based upon the available information and the following must be answered:

a.      The nature and extent of the investigation completed to date;

b.      The nature and extent of the investigation that is intended in order to complete the answer to the request; and

c.      The time when the investigation is expected to be completed so that the request can be answered in full.

12.      To the extent any of the following requests to produce call for information which is not disclosed based on a claim of privilege or attorney's work product, identify:

a.      The name of the author of the document and the author's employer;

b.      The name of each recipient of the document (including all persons to whom a copy was sent) and each recipient's employer;

c.      The date on which the document was first created and the date that the document bears, if different;

d.      The basis of the claim of privilege or attorney's work product regarding the document;

e.      The subject matter of each document; and

f.      The statute, rule or decision which is claimed to give rise to the privilege;

13.      "Transition Services" shall have the same meaning as defined in the "Transition Services Agreement" dated July 18, 2018 by and between Premier CC, Inc. and NX Utilities, LLC;

14.      The relevant time period for these Requests to Produce is from May 1, 2015 to the present unless otherwise indicated;

15.      "Complaint" refers to the Amended Complaint filed in this Action on or about June 20, 2019, *See* D. E. 2, and any amendments thereto; and

16.      "Action" refers to the above-captioned matter, which is pending in the United States District Court for the Northern District of Illinois and docketed at Civil Action No. 19-4132.

## GENERAL OBJECTIONS

1.      Defendant is not required to provide (and will not provide) privileged documents (attorney-client communications, attorney work product and/or documents prepared in anticipation of litigation.)  If Plaintiff demands a privilege log for documents created before February 6, 2019, one will be provided – but only if Plaintiff does the same.

2.      Defendant is not required to provide and will not provide responses beyond what is required by the Federal Rules of Civil Procedure – including to the extent these discovery requests demand identification of documents and, in lieu, Defendant agrees to produce the documents per FRCP 33(c).

3.      Defendant will only provide responses available upon reasonable efforts proportionate to the needs of the case.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All documents relating to the facts and allegations in the Complaint.

**RESPONSE:  Objection.**  This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced.  Further objecting, Defendant could spend every day, every hour, for the next year searching for requested documents. Such a search would be overly burdensome and not proportional to the needs of the case. Defendant will produce all non-privileged requested documents that can be located with reasonable efforts, on a rolling basis by Bates-range and categorical description.  Defendant also relies on documents already produced in the case.

**Request No. 2:** All documents relating to the admissions and denials in Defendant's Answer and all documents relating to Defendant's Affirmative Defenses.

**RESPONSE:**  *See objections and response to request no. 1.*

**Request No. 3:** All documents and communications that refer or relate to Plaintiff, including documents relating to Plaintiff's relationship with Defendant, including, without limitation, Plaintiff's complete personnel file, all job descriptions for positions held by Plaintiff or to which Plaintiff applied, Plaintiff's W2s, payroll records, desk files, schedules, time sheets, sign-in sheets, time slips or time cards, attendance records, health insurance plans, medical documents, vision insurance plans, dental insurance plans, retirement benefits or programs, complaints made to Defendant concerning Plaintiff or made by Plaintiff, disciplinary records or warnings, records regarding Plaintiff's termination and any investigation regarding her termination or disciplinary warnings, documents relating to any performance reviews, perks and benefits, incentives, evaluations, raises, promotions, job positions, requests for time off, absences, responsibilities and bonuses awarded, and documents identifying Plaintiff's supervisors and managers.

**RESPONSE:** *See objections and response to request no. 1.*

**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, in addition to the documents previously produced, see documents produced herewith.

**Request No. 4:** All documents and communications that refer or relate to any of the Transition Services, including without limitation, electronically stored information ("ESI"), all emails and notes.

**RESPONSE:** **Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case because, as demonstrated in black and white, Plaintiff did not provide Transition Services. Further objecting, Defendant could spend every day, every hour, for the next year searching for the requested documents. Such a search would be overly burdensome and not proportional to the needs of the case. Accordingly, the only documents which will be produced (from the Asset Purchase Agreement) have already been produced.

**Request No. 5:** All documents on which you intend to rely in defense of Plaintiff's claim.

**RESPONSE:** The requested documents have already been produced or will be produced, on a rolling basis by Bates-range and categorical description.

**AMENDED RESPONSE**: In addition to the documents previously produced, see documents produced herewith.

**Request No. 6:** All documents identified, referenced, consulted, or referred to in your answers to Plaintiff's interrogatories.

**RESPONSE:** *See objections and response to request no. 1.*

**Request No. 7:** All witness statements or interview notes taken regarding any of the facts or allegations in the Complaint or regarding the admissions or denials in Defendant's Answer to the Complaint or Defendant's Affirmative Defenses.

**RESPONSE:** **Objection.** The only responsive documents – post-February 6, 2019 communications with Mr. Urso – are protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. They will not be produced.

**Request No. 8:** All documents that refer or relate to any expert witness whom Defendant intends to call or anticipates calling in this action, including, without limitation, all expert reports, curriculum vitae or other documents related to the expert's qualifications, engagement letters or fee agreements, notes, communications and all documents given to the expert to review.

**RESPONSE:** None.

**Request No. 9:** All documents that relate to any agreement to defend and/or indemnify any defendant in the Action.

**RESPONSE:** The requested documents were already produced as part of Defendants' MIDP disclosures.

**Request No. 10:** All documents that relate in any way to any civil or criminal actions, lawsuits, administrative proceedings, bankruptcy filings, or investigations of any kind, including the disposition thereof, filed by or against you or in which you were involved in any capacity,

including without limitation, all petitions, complaints, charges, depositions, statements under oath, settlement agreements, orders, or other records from June 20, 2009 to the present.

**RESPONSE: Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern matters *except those alleging the type of claims alleged by Plaintiff (including limiting wage claims to those alleging misclassification as exempt).* Indeed, even Plaintiff has limited the relevant period to May 15, 2015 – present. Finally, as properly limited, non-privileged documents from the requested matters are public record and Plaintiff can obtain them herself. As appropriately limited, in addition to Plaintiff's actions against Mr. Urso, *see Fowler v. Premier CC, Inc. et. al.,* Eastern District of Missouri Case No. 4:2017cv1565; *Berry v. Premier CC, Inc. et. al.,* Northern District of Texas Case No. 3:2010cv440.

**AMENDED RESONSE**: Subject to and without waiving the previously asserted objections, Mr. Urso supplements his previous response by identifying the case (not against Mr. Urso individually) *Huye v. PRECC, Inc. et al.*, Eastern District of Missouri Case No. 19-cv-01668-RLW.

**Request No. 11:** All documents which you intend to use as exhibits at trial.

**RESPONSE:** *See response to request no. 5.*

**Request No. 12:** All documents that relate to formal or informal charges or complaints of wage & hour law violations and/or discrimination on the basis of age, gender, and/or disability, made by any of Defendant's employees, at any time, during the relevant time period, including, without limitation, equal employment opportunity charges or complaints, investigative notes, correspondence, position statements, questionnaire responses, investigative findings or agency decisions, judicial complaints, and any pleadings, judgments, settlement agreements, and other documents related to any court action filed.

**RESPONSE: Objection.** This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced. Further objecting, this request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern matters except those alleging the type of claims alleged by Plaintiff (including limiting wage claims to those alleging misclassification as exempt).

Indeed, even Plaintiff has limited the relevant period to May 15, 2015 – present. As properly limited, none.

**AMENDED RESONSE**:  Subject to and without waiving the previously asserted objections, *see* amended response to Request No. 10.

**Request No. 13:** All time records and documents, including all timesheets, relating to Plaintiff's work performed or hours worked during the relevant time period, including any overtime hours, for any Defendant.

**RESPONSE:**  Any documents that can be obtained and located with reasonable efforts proportional to the needs of the case will be produced on a rolling basis by Bates-range and categorical description.

**AMENDED RESPONSE**: Subject to and without waiving previously asserted objections, all time records for Plaintiff were previously produced.

**Request No. 14:** Copies of all insurance policies and all documents relating to all insurance policies which may be applicable to plaintiff's claims.

**RESPONSE:**  *See response to request no. 9.*

**Request No. 15**: All documents and communications regarding any request by Plaintiff for leave pursuant to the Family Medical Leave Act.

**RESPONSE:   Objection.**  This request includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced.  Any non-privileged documents that can be obtained and located with reasonable efforts proportional to the needs of the case will be produced on a rolling basis by Bates-range and categorical description.

**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, see documents produced herewith.

**Request No. 16**: All documents and communications regarding Plaintiff's health in any way, including without limitation, any documents or communications referencing any medical issue of Plaintiff, requests for personal time, requests for sick leave, or concerning any doctor's appointments for Plaintiff.

**RESPONSE:** *See objections and response to request no. 15.*

==**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, see documents produced herewith.==

**Request No. 17**: All call records (incoming and outgoing), monthly statements, subscriber information, and all statements or records showing sent and received calls, text messages, photos, and videos for the relevant time period of December 1, 2018 to February 28, 2019, for any cellular phone owned by Defendant Anthony Urso, including Mr. Urso's personal cellular phone.

**RESPONSE:** *See response to request no. 13.*

==**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, see documents produced herewith Bates labelled CourierOne000674-000785.==

**Request No. 18**: All communications between Defendant and Dave Pawlikowski relating to Plaintiff or Plaintiff's employment or this Action or the Charge for the period of February 5, 2019 to the present.

**RESPONSE:** *See response to request no. 13.*

==**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, see documents produced herewith Bates labelled CourierOne000786-000949.==

**Request No. 19**: Any and all documents identified in Defendant's Mandatory Initial Discovery Response ("MIDP") or any supplemental MIDP responses served in this case.

**RESPONSE:** *See response to request no. 5.*

**Request No. 20**: Any and all documents identified in, or relied upon in connection with, Defendant's Answers to Plaintiff's Requests for Admissions served in this case.

**RESPONSE:** None.

**Request No. 21**: Any and all documents or tangible materials of any nature whatsoever which Defendant plans to have marked for identification at a deposition or trial, or about which Defendant plans to question any witness at deposition or trial.

**RESPONSE:** *See response to request no. 5.*

**Request No. 22**: Any and all documents sent to or from NX Utilities, LLC.

**RESPONSE:** *See objections and response to request no. 4.*

**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, see documents produced herewith Bates labelled CourierOne001488-002237.

**Request No. 23**: Any and all documents reflecting safeguards employed to correctly monitor and track working time of individuals while performing Transition Services.

**RESPONSE:** *See objections and response to request no. 4.*

**Request No. 24**: Any and all documents resultant from the Transition Services.

**RESPONSE:** *See objections and response to request no. 4.*

**Request No. 25**: All documents showing Defendant's ownership interest(s) in and to any other defendant to this Action, and all documents showing Defendant's role within the organization of any other defendant in this Civil Action.

**RESPONSE: Objection.** This request (a) seeks documents which are irrelevant and overbroad and because Mr. Urso's former ownership of Vertek has no bearing on who the (even alleged) decision makers were and (b) has nothing to do with Plaintiff's claims and appears to be some kind of fishing expedition to assert claims on behalf of employees who are not similarly-situated to Plaintiff in any way shape or form. Accordingly, the requested documents will not be produced.

**Request No. 26**: All employment applications, resumes, agreements and any other documentation submitted to Defendant by each individual performing Transition Services.

**RESPONSE:** *See objections and response to request no. 4.*

**Request No. 27**: All documents and communications from Plaintiff to Defendant, including text messages.

**RESPONSE:**  *See response to request no. 13.*

**AMENDED RESPONSE**:  Subject to and without waiving the previously asserted objections, see documents produced herewith Bates labelled CourierOne000187-000660; CourierOne000674-000785; and CourierOne001488-002237.

**Request No. 28**: All documents and communications from Defendant to Plaintiff, including text messages.

**RESPONSE:**  *See response to request no. 13.*

**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, see amended response to Request no. 27.

**Request No. 29**: All non-privileged documents relating to or referencing this Action, the Charge, Plaintiff's claim for unemployment benefits, and/or Plaintiff's COBRA benefits.

**RESPONSE:**  *See response to request no. 13.*

**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, Mr. Urso has no documents responsive to this request.

**Request No. 30**: Any and all documents and correspondence containing the name and/or contact information of any and all individuals contacted by Defendant or Defendant's representative, including without limitation Defendant's counsel, as potential or actual witnesses in this Action, or individuals Defendant or its representative attempted to contact as a potential or actual witness.

**RESPONSE:  Objection.**  This request is incredibly vague and includes documents protected by the attorney-client privilege, the attorney work product, and documents prepared in anticipation of litigation/under the joint defense privilege. No privileged documents will be produced – communications with Mr. Urso.  There are no other responsive documents.

**Request No. 31**: Any joint defense agreement pertaining to this Action.

**RESPONSE:** The requested document(s) will be produced on a rolling basis by Bates-range and categorical description.

==**AMENDED RESPONSE**: Subject to and without waiving the previously asserted objections, see documents produced herewith Bates labelled CourierOne000128-000133.==

**Request No. 32**: All agreements between Defendant and any other defendant to this Action, including any amendments, addenda, or other modification thereto.

**RESPONSE:** *See response to request no. 5.*

**Request No. 33**: All documents and communications relating to Plaintiff's termination.

**RESPONSE:** *See objections and response to request no. 15 (to the extent the non-privileged documents have not already been produced).*

**Request No 34**: All documents showing compensation paid to Plaintiff for labor she provided for the benefit of any other defendant in this Action.

**RESPONSE:** *See response to request no. 5.*

==**AMENDED RESPONSE**: Mr. Urso has no documents responsive to this request.==

**Request No. 35**: All communications and documents exchanged between Defendant and Aflac Inc. or any of its corporate affiliates, including between Defendant and Ronald Clarke.

**RESPONSE: Objection.** This request seeks documents which are irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case to the extent they concern matters beyond those alleged in Plaintiff's Amended Complaint. As appropriately limited to matters relevant to Plaintiff's allegations, any documents that can be obtained and located with reasonable efforts proportional to the needs of the case will be produced on a rolling basis by Bates-range and categorical description.

==**AMENDED RESPONSE**: Mr. Urso does not have documents responsive to this request.==

**Request No. 36**: All communications and documents exchanged between Defendant and the Illinois Department of Employment Security concerning Plaintiff.

**RESPONSE:** *See response to request no. 13.*

==**AMENDED RESPONSE**: Mr. Urso does not have documents responsive to this request.==

**Request No. 37**: All documents showing all real property owned or leased by Defendant.

**RESPONSE:** *See objection to request no. 35.* The requested documents will not be produced.

**Request No. 38**: All documents showing any ownership interests held by Defendant at any time since June 20, 2009 to present, in and to any entity or business organization.

**RESPONSE:** *See objection to request no. 35.* Further objecting, the request goes beyond the time even Plaintiff claims to be relevant (May 15, 2015 – present). The requested documents will not be produced.

Dated: February 23, 2020          Respectfully submitted,

By: */s/ Nathaniel R. Sinn*_____
Barry Y. Freeman
Nathaniel R. Sinn (6284004)
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th St., Ste. 1700
Cleveland, Ohio 44114
Telephone: 216.736.4223
Fax: 216.615.2330
bfreeman@bdblaw.com
nsinn@bdblaw.com

*Attorneys for Courier Express One, Inc., Vertek, LLC, Dispatch Express, Inc., and Anthony Urso*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Responses to Requests for Production* was served via email upon Jonathan D. Christman, counsel for Premier CC, LLC (via jchristman@foxrothschild.com); Jon D. Hoag, counsel for PreCC, Inc. (via jhoag@hanover.com); and Stacey Blaire Vucko (via svucko@vuckolaw.com), this 23rd day of February 2020.

          */s/ Nathaniel R. Sinn*_____
          Nathaniel R. Sinn

CL2:506242_v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MICHELLE MARSKI, | : | Civil Action No. 1:19-cv-04132 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge John Robert Blakey |
| v. | : | |
| | : | |
| COURIER EXPRESS ONE, INC., | : | |
| PRECC, INC., PREMIER CC LLC, | : | |
| A QUALTEK COMPANY, VERTEK, LLC,: | | |
| DISPATCH EXPRESS INC. and | : | |
| ANTHONY URSO | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT PREMIER CC, LLC'S RESPONSE TO PLAINTIFF MICHELLE MARSKI'S REQUESTS TO PRODUCE DOCUMENTS

Defendant Premier CC, LLC, ("Premier" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's Requests to Produce Documents. All responses and objections are made without in any way waiving or intending to waive, and on the contrary, intending to preserve and preserving:

1.    The right at any time to revise, correct, supplement, clarify, or amend these responses and objections to Plaintiff's Requests to Produce Documents ("Plaintiff's Requests");

2.    The right to object on any ground at any time to a demand for further information, further production and/or other discovery proceedings involving or relating to the subject matter of any of the individual Requests;

3.    The right to object on any ground to the use and/or admissibility of this response (or any part thereof) at any trial, hearing or other proceeding in this or any other action;

Ex. 4(d) to Plaintiff's Motion to Compel
Defendant Prmeier CC, LLC's Responses to Plaintiff's
Requests for Production

4.      The attorney-client, work-product and expert privileges and, accordingly, any subsequent response or production shall not constitute a waiver of said privileges;

5.      All questions as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceedings or the trial of this or any other action;

6.      Defendant also incorporates herein by reference all pleadings filed by it in this action.

## GENERAL OBJECTIONS

1.      Defendant objects to each of Plaintiff' Requests to the extent that it assumes the legal conclusion that Plaintiff was directly or jointly employed by Defendant during the July-August 2018 time period.

2.      Defendant objects to each of Plaintiff's Requests to the extent that it seeks discovery beyond that permitted by the Federal Rules of Civil Procedure, or information or documents not otherwise discoverable under the Federal Rules of Civil Procedure.

3.      Defendant objects to the introductory material and Definitions insofar as they purport to alter, expand or otherwise modify either party's obligations under applicable Federal Rules of Civil Procedure.

4.      Defendant objects to each of Plaintiff's Requests to the extent it seeks information already in Plaintiff's possession, custody or control.

5.      Defendant objects to each of Plaintiff's Requests to the extent it seeks information that is publicly available to Plaintiff and thus equally accessible by Plaintiff.

6.      Defendant objects to each of Plaintiff's Requests to the extent it seeks: (a) attorney work product; (b) privileged information, including, but not limited to, information or documents which are subject to the attorney-client privilege; (c) confidential and proprietary information,

including trade secrets, of Defendant; and (d) privileged and confidential information relating to employee records.

7.      Defendant objects to each of Plaintiff's Requests to the extent that the information sought is not relevant to the subject matter involved in this action or reasonably calculated to lead to discovery of admissible evidence.

8.      Defendant objects to each of Plaintiff's Requests to the extent that it is overly broad, vague and ambiguous.

9.      Defendant objects to each of Plaintiff's Requests to the extent that it is unduly burdensome, intentionally harassing and oppressive and seeks information which is within the knowledge, control and/or custody of Plaintiff.

10.      Defendant objects to each of Plaintiff's Requests on the grounds that it seeks in bad faith to cause unreasonable annoyance, embarrassment, oppression, burden and expense to Defendant.

11.      Defendant objects to each of Plaintiff's Requests because additional responsive information may be determined during or after discovery.

12.      Defendant objects to each Request without a temporal limitation as overbroad.

13.      Defendant objects to Plaintiff's purported "relevant time period" and to any Requests which rely upon that phrase, as Plaintiff's purported "relevant time period" represents a legal conclusion and is overbroad, as seeking discovery beyond the scope of Plaintiff's claim period against Defendant in this action.

14.      Defendant objects to Plaintiff's definition of the terms "Defendant," "you," or "your" to the extent they constitute legal conclusions and refer to individuals, persons, or entities

3

who are not parties to this litigation. Defendant will interpret these terms to refer to the named defendant in this action.

15. Defendant objects to Plaintiff's definition of the terms "document," and "communications," and all Requests using those terms, to the extent that Plaintiff's definitions of those terms exceed Defendant's obligations under the law.

16. Defendant objects to each Request that requests Defendant to identify or to produce "all" or "any and all" document that may fall within a particular class of documents as overly broad, overly burdensome, and unnecessarily vague. Defendant cannot reasonably identify or produce "all" or "any and all" document that may fall within a particular class of documents, particularly insofar as any such documents may not be within the possession, custody or control of Defendant, may already be in the possession, custody and control of Plaintiff, may be in the possession, custody, or control of a third party, or may be as easily obtainable by Plaintiff as by Defendant.

17. Defendant objects to each Request to the extent it requires Defendant to marshal all evidence.

18. Defendant objects to each Request to the extent the Request is, on its face, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits.

19. Defendant objects to each Request to the extent the requests seeks ESI and e-mails but Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search

protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit.

20.     Defendant objects to each Request because discovery is continuing and additional information responsive to these Requests may be determined during or after discovery.

## RESERVATION OF RIGHT TO SUPPLEMENT

Defendant is providing these responses and objections relating to Plaintiff's Requests to Produce Documents. Because discovery relating to the issues raised by these Requests is still ongoing, Defendant specifically reserves the right to supplement its objections and responses from time to time.

## REQUESTS TO PRODUCE

**Request No. 1**: All documents relating to the facts and allegations in the Complaint.

**RESPONSE:**  Defendant specifically objects to this Request on the grounds that it is premature, as Defendant's search for responsive documents is ongoing. Defendant further objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000919.

**Request No. 2**: All documents relating to the admissions and denials in Defendant's Answer and all documents relating to Defendant's Affirmative Defenses.

**RESPONSE:**  Defendant specifically objects to this Request on the grounds that it is premature, as Defendant's search for responsive documents is ongoing. Defendant further objects to this Request to the extent it seeks the production of documents outside Defendant's possession,

custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000919.

**Request No. 3**: All documents and communications that refer or relate to Plaintiff's relationship with Defendant, including, without limitation, Plaintiff's complete personnel file, all job descriptions for positions held by Plaintiff or to which Plaintiff applied, Plaintiff's W2s, payroll records, desk files, schedules, time sheets, sign-in sheets, time slips or time cards, attendance records, health insurance plans, medical documents, vision insurance plans, dental insurance plans, retirement benefits or programs, complaints made to Defendant concerning Plaintiff or made by Plaintiff, disciplinary records or warnings, records regarding Plaintiff's termination and any investigation regarding her termination or disciplinary warnings, documents relating to any performance reviews, perks and benefits, incentives, evaluations, raises, promotions, job positions, requests for time off, absences, responsibilities and bonuses awarded, and documents identifying Plaintiff's supervisors and managers.

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Defendant further objects to the extent the Request relies upon the phrase "all documents and communications" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails

6

would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has none of these employment-related documents because Plaintiff was never employed by Defendant. By way of further response, see documents produced at NX(MARSKI)0000127 - NX(MARSKI)0000130, additional documents being produced at NX(MARSKI)0000697 - NX(MARSKI)0000834, and documents produced by Plaintiff and other Defendants, all of which demonstrate that Plaintiff had no direct or joint employment relationship with Defendant.

**Request No. 4**: All documents and communications that refer or relate to any of the Transition Services, including without limitation, electronically stored information ("ESI"), all emails and notes, and all records pertaining to compensation of individuals performing Transition Services.

**RESPONSE:** Defendant objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Defendant specifically objects to the extent the Request relies upon the phrase "all documents and communications" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000109 - NX(MARSKI)0000119, NX(MARSKI)0000127 - NX(MARSKI)0000130, and additional documents being produced at NX(MARSKI)0000847 - NX(MARSKI)0000919.

**Request No. 5:** All documents and communications that refer or relate to Plaintiff.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Defendant also objects to the extent the Request relies upon the phrase "all documents and communications" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000277 - NX(MARSKI)0000448, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000531.

**Request No. 6**: All documents on which you intend to rely in defense of Plaintiff's claim.

**RESPONSE:** Defendant specifically objects to this Request on the grounds that it is premature, as Defendant's search for responsive documents is ongoing, and Defendant will produce documents in accordance with the Court's deadlines and the Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000919. By way of further answer, see documents produced by other parties to this litigation.

**Request No. 7**: All documents identified, referenced, consulted, or referred to in your answers to Plaintiff's interrogatories.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529- NX(MARSKI)0000919.

**Request No. 8**: All witness statements or interview notes taken regarding any of the facts or allegations in the Complaint or regarding the admissions or denials in Defendant's Answer to the Complaint or Defendant's Affirmative Defenses.

**RESPONSE:** Defendant specifically objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general and specific objections, and without waiving the same, see Declaration of Elizabeth Downey produced at NX(MARSKI)000127 - NX(MARSKI)0000130.

**Request No. 9:** All documents that refer or relate to any expert witness whom Defendant intends to call or anticipates calling in this action, including, without limitation, all expert reports, curriculum vitae or other documents related to the expert's qualifications, engagement letters or fee agreements, notes, communications and all documents given to the expert to review.

**RESPONSE:** Defendant specifically objects to this Request on the grounds that it is premature, as Defendant has not yet decided whether it will retain an expert in this action, and will make that determination in accordance with the Court's deadlines and the Rules of Civil Procedure. Subject to the foregoing general and specific objections, and without waiving the same, Defendant will

produce non-privileged documents responsive to this request, if any, in accordance with the Federal Rules of Civil Procedure and this Court's Scheduling Order (ECF No. 52).

**Request No. 10:** All documents that relate to any agreement to defend and/or indemnify any defendant in the Action.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Subject to the foregoing general and specific objections, see indemnification agreement produced at NX(MARSKI)0000001- NX(MARSKI)0000125.

**Request No. 11**: All documents that relate in any way to any civil or criminal actions, lawsuits, administrative proceedings, bankruptcy filings, or investigations of any kind, including the disposition thereof, filed by or against you or in which you were involved in any capacity, including without limitation, all petitions, complaints, charges, depositions, statements under oath, settlement agreements, orders, or other records from June 20, 2009 to the present.

**RESPONSE:** Defendant specifically objects to this Request as an unwarranted fishing expedition intended to annoy, embarrass, and harass Defendant, and to cause an unduly expensive burden on Defendant to create for Plaintiff's benefit a litigation and investigation history report. Defendant further objects to this Request to the extent it seeks information protected from disclosure pursuant to confidentiality agreements. Defendant also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Defendant additionally objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks documents relating to any entity other than Defendant, as such separate corporate entities or other persons are not parties to this litigation. Defendant further objects to this Request

10

to the extent it seeks documents that are publicly-available and therefore equally accessible to Plaintiff. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Defendant also objects to the extent the Request relies upon the phrase "all documents" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant refers Plaintiff to publicly-available and publicly-accessible dockets, including the above-captioned action, which are equally accessible to Plaintiff.

**Request No. 12:** All documents which identify any ownership interests of persons and/or entities whom possessed an ownership interest in Defendant at any time during the relevant time period.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000273 and NX(MARSKI)0000001 - NX(MARSKI)0000274, and additional documents being produced at NX(MARSKI)0000689 - NX(MARSKI)0000690, NX(MARSKI)0000695 - NX(MARSKI)0000696, and NX(MARSKI)0000845 - NX(MARSKI)0000846.

**Request No. 13**: All documents which you intend to use as exhibits at trial.

**RESPONSE:** Defendant specifically objects to this Request on the grounds that it is premature, as Defendant has not yet determined what documents it will use at any trial in this matter. Subject to the foregoing general and specific objections, and without waiving the same, Defendant will produce documents responsive to this request, if any, in accordance with the Federal Rules of Civil Procedure and this Court's Scheduling Order (ECF No. 52).

**Request No. 14:** All documents that relate to formal or informal charges or complaints of wage & hour law violations and/or discrimination on the basis of age, gender, and/or disability, made by any of Defendant's employees, at any time, during the relevant time period, including, without limitation, equal employment opportunity charges or complaints, investigative notes, correspondence, position statements, questionnaire responses, investigative findings or agency decisions, judicial complaints, and any pleadings, judgments, settlement agreements, and other documents related to any court action filed.

**RESPONSE:** Defendant specifically objects to this Request as an unwarranted fishing expedition intended to annoy, embarrass, and harass Defendant, and to cause an unduly expensive burden on Defendant to create for Plaintiff's benefit a litigation and investigation history report. Defendant further objects to this Request to the extent it seeks information protected from disclosure pursuant to confidentiality agreements. Defendant also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Defendant additionally objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks documents relating to any entity other than Defendant, as such separate corporate entities or other persons are not parties to this litigation. Defendant further objects to this Request to the extent it seeks documents that are publicly-available and therefore equally accessible to Plaintiff. Defendant also objects to this Request to the extent it seeks information from non-Illinois

12

locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Defendant additionally objects to the extent the Request relies upon the phrase "all documents" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this Request. By way of further response, to the extent Plaintiff seeks information relating to any lawsuits, Defendant refers Plaintiff to publicly-available and publicly-accessible dockets, which are equally accessible to Plaintiff.

**Request No. 15**: All documents relating to Defendant's organizational structure during the relevant time period, including, but not limited to, organizational charts and job descriptions of each individual currently or previously employed in the same department or company division as Plaintiff.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant additionally objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Subject to the foregoing general and specific objections,

13

Defendant did not directly or jointly employ Plaintiff in any department or company division. By way of further response, documents relating to organizational structure were produced at NX(MARSKI)0000001 - NX(MARSKI)0000119, and additional documents are being produced at NX(MARSKI)0000693 - NX(MARSKI)0000694.

**Request No. 16:** All documents reflecting the number of persons which Defendant employed during the relevant time period, including all part-time and full-time employees.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Subject to the foregoing general and specific objections, and without waiving the same, see documents being produced at NX(MARSKI)0000648 - NX(MARSKI)0000686 and NX(MARSKI)0000697 - NX(MARSKI)0000834.

**Request No. 17:** Copies of Defendants' policies, employee handbooks, human resource manuals, and documents relating thereto, including any amendments and modifications thereto, including, but not limited to, those pertaining to: (a) discrimination and harassment; (b) requests for medical leave, personal leave, vacation days, family leave policies or other policies relating to personal, sick or vacation days; (c) performance evaluations, performance reviews and/or performance improvement plans; (d) disciplinary or termination policies; (e) policies regarding perks and benefits of employment, including regarding Defendant's tuition-remission program (if any); (f) policies relating to overtime; and (g) policies relating to employee privacy.

14

**RESPONSE:** Defendant specifically objects to this Request to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Subject to the foregoing general and specific objections, and without waiving the same, see documents being produced at NX(MARSKI)0000532 - NX(MARSKI)0000606.

**Request No. 18**: All documents relating to compensation to Marski.

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Defendant additionally objects to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request because it never employed Plaintiff.

**Request No. 19**: All agreements between Premier CC LLC or NX Utilities and any Defendant, including any amendments, addenda, schedules, drafts, or other modification thereto, including documents relating to the Asset Purchase Agreement by and between Premier CC, Inc., NX Utilities, LLC and Karrie Urso dated July 18, 2018.

**RESPONSE:** Defendant objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000119, and additional documents being produced at NX(MARSKI)0000697 - NX(MARSKI)0000844.

**Request No. 20**: Copies of all insurance policies and all documents relating to all insurance policies which may be applicable to plaintiff's claims.

**RESPONSE:** Subject to the foregoing general objections, Defendant has no documents responsive to this request.

**Request No. 21:** All documents identified, referenced, consulted, or referred to in drafting the Declaration of Elizabeth Downey.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general objections, see Declaration of Elizabeth Downey produced at NX(MARSKI)0000127 - NX(MARSKI)0000130.

**Request No. 22**: All documents showing a corporate affiliation between Defendant and any other defendant in this Civil Action.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request because there is no corporate affiliation between Defendant and any other defendant in this action.

**Request No. 23**: All employment applications, resumes, agreements and any other documentation submitted by each individual performing Transition Services.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant also objects to this Request to the extent it presumes or otherwise implies the legal

conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Subject to the foregoing general and specific objections, Defendant has no documents responsive to this request.

**Request No. 24**: All payroll journals for Defendant.

**RESPONSE:** Defendant also objects to this Request to the extent it seeks information from non-Illinois locations. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Defendant also objects to this Request as vague and ambiguous based upon Plaintiff's usage of the undefined term "payroll journals." Subject to the foregoing general objections, and without waiving the same, see documents being produced at NX(MARSKI)0000650 - NX(MARSKI)0000686.

**Request No. 25**: Defendants' corporate meetings' minutes, business registrations and licenses, and filings.

**RESPONSE:** Defendant also objects to this Request to the extent it seeks information from non-Illinois locations. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Defendant objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request to the extent it seeks documents that are publicly-available and therefore equally accessible to Plaintiff. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000273 - NX(MARSKI)0000274, and additional documents being produced at NX(MARSKI)0000689 - NX(MARSKI)0000690 and NX(MARSKI)0000695 - NX(MARSKI)0000696.

**Request No. 26**: Documents reflecting the number of employees employed by Defendant and their respective locations.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Subject to the foregoing general and specific objections, and without waiving the same, see documents being produced at NX(MARSKI)0000648 - NX(MARSKI)0000686 and NX(MARSKI)0000697 - NX(MARSKI)0000834.

**Request No. 27**: All documents and records relating to other lawsuits and claims filed against Defendant alleging: (i) any wage and hour violation by Defendant; (ii) any discrimination by Defendant; (iii) any retaliation on behalf of Defendant; and/or (iv) any violation of the Family and Medical Leave Act by Defendant.

**RESPONSE:** Defendant specifically objects to this Request as an unwarranted fishing expedition intended to annoy, embarrass, and harass Defendant, and to cause an unduly expensive burden on Defendant to create for Plaintiff's benefit a litigation and investigation history report. Defendant further objects to this Request to the extent it seeks information protected from disclosure pursuant to confidentiality agreements. Defendant also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Defendant additionally objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks documents relating to any entity other than Defendant, as such separate corporate entities or other persons are not parties to this litigation. Defendant further objects to this Request to the extent it seeks documents that are publicly-available and therefore equally accessible to

Plaintiff. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Defendant additionally objects to the extent the Request relies upon the phrase "all documents and records" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this Request. By way of further response, to the extent Plaintiff seeks information relating to any lawsuits, Defendant refers Plaintiff to publicly-available and publicly-accessible dockets, including the above-captioned action, which are equally accessible to Plaintiff.

**Request No. 28**: Any and all documents that support your contention that Marski was not employed by Defendant.

**RESPONSE:**  Defendant specifically objects to this Request on the grounds that it is premature, as Defendant's search for responsive documents is ongoing. Defendant further objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Defendant additionally objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at

NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000919.

**Request No. 29**: Any and all documents submitted for Defendant to the U.S. Equal Employment Opportunity Commission in connection with the EEOC Charge of Discrimination referenced in Paragraph 67 of the Complaint (the "EEOC Charge").

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request.

**Request No. 30:** All documents showing the EEOC Charge was served upon Defendant and that Defendant had notice of the same.

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request to the extent it seeks documents related to service of Plaintiff's EEOC Charge. Nor does Defendant have any documents responsive to this request to the extent it seeks documents related to notice of said EEOC Charge before the filing and acceptance of service of the federal court complaint in this action. By way of further response, following notice of this lawsuit, Defendant obtained documents related to Plaintiff's EEOC Charge pursuant to a FOIA request, which were produced at NX(MARSKI)0000248 - NX(MARSKI)0000267 and NX(MARSKI)0000449 - NX(MARSKI)0000528.

**Request No. 31:** Any and all documents identified in Defendant's Mandatory Initial Discovery Response ("MIDP") or any supplemental MIDP responses served in this case.

**RESPONSE:** Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000919.

**Request No. 32:** Any and all documents identified in, or relied upon in connection with, Defendant's Answers to Plaintiff's Requests for Admissions served in this case.

**RESPONSE:** Defendant objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request because Plaintiff never served any requests for admissions upon Defendant.

**Request No. 33:** Any and all documents or tangible materials of any nature whatsoever which Defendant plans to have marked for identification at a deposition or trial, or about which Defendant plans to question any witness at deposition or trial.

**RESPONSE:** Defendant specifically objects to this Request on the grounds that it is premature, as Defendant has not yet determined what documents it will use at any deposition or trial in this matter. Subject to the foregoing general and specific objections, and without waiving the same, Defendant will produce documents responsive to this request, if any, in accordance with the Federal Rules of Civil Procedure and this Court's Scheduling Order (ECF No. 52).

**Request No. 34:** Any and all documents sent to or from NX Utilities, LLC, involving any defendant to this Action.

**RESPONSE:** Defendant specifically objects to the extent the Request relies upon the phrase "all documents" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate

21

search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Defendant further objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Defendant objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, work product doctrine, and/or joint defense or common interest privileges. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000919.

**Request No. 35:** Any and all documents reflecting safeguards employed to correctly monitor and track working time of individuals while performing Transition Services.

**RESPONSE:** Defendant specifically objects to this Request as "safeguards" is undefined, overly vague, and ambiguous. Defendant additionally objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Defendant also objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000109 - NX(MARSKI)0000119, and additional documents being produced at NX(MARSKI)0000697 - NX(MARSKI)0000834 and NX(MARSKI)0000847 - NX(MARSKI)0000919.

**Request No. 36**: Any and all documents resultant from the Transition Services and all documents otherwise provided in connection with Transition Services.

**RESPONSE:** Defendant also objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Defendant specifically objects to the extent the Request relies upon the phrase "any and all documents" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Defendant also objects to the vague and ambiguous phrases "resultant from" and "otherwise provided in connection with". Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000119 - NX(MARSKI)0000119, and additional documents being produced at NX(MARSKI)0000847 - NX(MARSKI)0000919.

**Request No. 37:** All documents showing a corporate affiliation between Defendant and any other defendant in this Civil Action.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Defendant also objects to this request as duplicative of a prior document request. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request because there is no corporate affiliation between Defendant and any other defendant in this action.

**Request No. 38:** All employment applications, resumes, agreements and any other documentation submitted to Defendant by each individual performing Transition Services.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant also objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Defendant also objects to this Request as duplicative of Request No. 23. Subject to the foregoing general and specific objections, Defendant has no documents responsive to this request.

**Request No. 39**: All agreements between Defendant and any other defendant to this Action, including any drafts, amendments, schedules addenda, or other modification thereto, including the Transition Services Agreement and the Asset Purchase Agreement.

**RESPONSE:** Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant objects to this Request to the extent it seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000125, and additional documents being produced at NX(MARSKI)0000697 - NX(MARSKI)0000844.

**Request No. 40:** For Roger McKelvey: all personnel files, time records, job descriptions, and pay records, including records relating to bonuses and promotions, and other compensation.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Furthermore, Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter.

24

Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request.

**Request No. 41**: All non-privileged documents relating to or referencing this Action or the Charge.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000001 - NX(MARSKI)0000528, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000919.

**Request No. 42**: Any and all documents and correspondence containing the name and/or contact information of any and all individuals contacted by Defendant or Defendant's representative, including without limitation Defendant's counsel, as potential or actual witnesses in this Action, or individuals Defendant or its representative attempted to contact as a potential or actual witness.

**RESPONSE:** Defendant objects to the extent this Request seeks information that is subject to the attorney-client privilege and/or work product doctrine. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request.

**Request No. 43:** Any joint defense agreement pertaining to this Action.

**RESPONSE:** Defendant objects to the extent this Request seeks information that is irrelevant to the claims in this matter. Defendant objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, work product doctrine, and/or joint defense or common interest privileges.

**Request No. 44:** Any and all documents and correspondence relating to or arising from Marski's work processing payroll for Defendant.

25

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Defendant additionally objects to the extent the Request relies upon the phrase "any and all documents" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request.

**Request No. 45:** Any and all communications between Marski and any employee, agent, or representative of Defendant.

**RESPONSE:** Defendant specifically objects to this Request to the extent it seeks the production of documents outside Defendant's possession, custody, and control. Defendant additionally objects to the extent the Request relies upon the phrase "any and all communications" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, see documents produced at NX(MARSKI)0000277 - NX(MARSKI)0000448, and additional documents being produced at NX(MARSKI)0000529 - NX(MARSKI)0000531.

**Request No. 46:** All documents and communications from Anthony Urso to Defendant relating to Plaintiff or Plaintiff's work processing payroll for Defendant's employees, the Transition Services, or this Action.

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Defendant also objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Defendant additionally objects to the extent the Request relies upon the phrase "all documents and communications" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request.

**Request No. 47:** All documents and communications from Karrie Urso to Defendant relating to Plaintiff or Plaintiff's work processing payroll for Defendant's employees or the Transition Services or this Action.

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff.

27

Defendant also objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond the relevant time period of Plaintiff's claims against Defendant. Defendant additionally objects to the extent the Request relies upon the phrase "all documents and communications" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request.

**Request No. 48:** All documents from Defendant to Karrie Urso and/or Anthony Urso relating to Plaintiff or Plaintiff's work processing payroll for Defendant's employees or the Transition Services or this Action.

**RESPONSE:** Defendant specifically objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed the Plaintiff. Defendant also objects to this Request to the extent it presumes or otherwise implies the legal conclusion that Defendant either directly or jointly employed any individual performing transition services pursuant to the Transition Services Agreement. Defendant also objects to this Request to the extent it seeks information from non-Illinois locations and regarding persons performing non-payroll functions. Defendant also objects to this Request to the extent it seeks information beyond

the relevant time period of Plaintiff's claims against Defendant. Defendant additionally objects to the extent the Request relies upon the phrase "all documents" and thereby seeks the open-ended and unbounded production of ESI and e-mails; however, Plaintiff has failed to designate any custodians of electronically stored information or search terms within an appropriately-limited relevant period of time, or any other appropriate search protocols, and the burden and expense of an exhaustive search of such ESI and e-mails would outweigh any likely benefit. Subject to the foregoing general and specific objections, and without waiving the same, Defendant has no documents responsive to this request.

Dated: November 25, 2019                    Respectfully submitted:

                                             **FOX ROTHSCHILD LLP**

                                             By: /s/ *Colin D. Dougherty*
                                             Colin D. Dougherty (ARDC# 6326337)
                                             Jonathan D. Christman
                                             10 Sentry Parkway, Ste. 200, P.O. Box 3001
                                             Blue Bell, PA 19422
                                             Telephone: (610) 397-6500
                                             Fax: (610) 397-0450
                                             cdougherty@foxrothschild.com
                                             jchristman@foxrothschild.com

                                             *Attorneys for Defendant Premier CC, LLC*

29

## CERTIFICATE OF SERVICE

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document

to be sent via electronic and first-class mail, upon the following:

Stacey B. Vucko
**VUCKO LAW LLP**
2208 Midwest Rd., Suite 104
Oak Brook, IL 60523
svucko@vuckolaw.com

*Attorney for Plaintiff Michelle Marski*

Jonathon D. Hoag
**LAW OFFICES OF LORETTA M. GRIFFIN**
20 North Clark Street
Suite 2725
Chicago, IL 60602
jhoag@hanover.com

*Attorney for Defendants PreCC, Inc. and Anthony Urso*

Barry Y. Freeman
Nathaniel R. Sinn
**BUCKINGHAM DOOLITTLE & BURROUGHS, LLC**
1375 E. 9th St., Ste. 1700
Cleveland, OH 44114
BFreeman@bdblaw.com
NSinn@bdblaw.com

Michael A. O'Brien
Leslie G. Bleifuss
**O'BRIEN LAW OFFICES, P.C.**
124A South County Farm Road
Wheaton, IL 60187
mobrien@obrienlawoffices.com
lbleifuss@obrienlawoffices.com

*Attorneys for Defendants Vertek, LLC, Anthony Urso, Dispatch Express Inc., and Courier*
*Express One, Inc.*

By: /s/ Colin D. Dougherty
Colin D. Dougherty

Dated: November 27, 2019

30